UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMAL A JENKINS,

        Plaintiff,

    v.

CALIFORNIA DEPARTMENT OF
CORRECTIONS AND
REHABILITATIONS,

        Defendant.

No.  2:17-cv-2632 JAM DB PS

ORDER

      Plaintiff, Jamal Jenkins, is proceeding in this action pro se.  This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).  Pending before the court are plaintiff's complaint and motion to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  (ECF Nos. 1 & 2.)  Therein, plaintiff complains about the violation of his civil rights.

      The court is required to screen complaints brought by parties proceeding in forma pauperis.  See 28 U.S.C. § 1915(e)(2); see also Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc).  Here, plaintiff's complaint is deficient.  Accordingly, for the reasons stated below, plaintiff's complaint will be dismissed with leave to amend.

////

////

1

I.      Plaintiff's Application to Proceed In Forma Pauperis

Plaintiff's in forma pauperis application makes the financial showing required by 28 U.S.C. § 1915(a)(1).  However, a determination that a plaintiff qualifies financially for in forma pauperis status does not complete the inquiry required by the statute.  "'A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit.'"  Minetti v. Port of Seattle, 152 F.3d 1113, 1115 (9th Cir. 1998) (quoting Tripati v. First Nat. Bank & Trust, 821 F.2d 1368, 1370 (9th Cir. 1987)); see also McGee v. Department of Child Support Services, 584 Fed. Appx. 638 (9th Cir. 2014) ("the district court did not abuse its discretion by denying McGee's request to proceed IFP because it appears from the face of the amended complaint that McGee's action is frivolous or without merit"); Smart v. Heinze, 347 F.2d 114, 116 (9th Cir. 1965) ("It is the duty of the District Court to examine any application for leave to proceed in forma pauperis to determine whether the proposed proceeding has merit and if it appears that the proceeding is without merit, the court is bound to deny a motion seeking leave to proceed in forma pauperis.").

Moreover, the court must dismiss an in forma pauperis case at any time if the allegation of poverty is found to be untrue or if it is determined that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.  See 28 U.S.C. § 1915(e)(2).  A complaint is legally frivolous when it lacks an arguable basis in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  Under this standard, a court must dismiss a complaint as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327; 28 U.S.C. § 1915(e).

To state a claim on which relief may be granted, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  In considering whether a complaint states a cognizable claim, the court accepts as true the material allegations in the complaint and construes the allegations in the light most favorable to the plaintiff.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245

(9th Cir. 1989). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

The minimum requirements for a civil complaint in federal court are as follows:

> A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

Fed. R. Civ. P. 8(a).

II.    Plaintiff's Complaint

Here, plaintiff's complaint fails to contain a short and plain statement of a claim showing that plaintiff is entitled to relief. In this regard, plaintiff's complaint consists entirely of vague and conclusory allegations. For example, the complaint alleges that

> [b]etween June 25, 2016 and December 10, 2017, in an ongoing fashion the unknowns CDCR peace officers and their civilian associates in an ongoing basis depriving this Plaintiff of rights secured by the United States Constitution.

(Compl. (ECF No. 1) at 6.)

The complaint also alleges that, "unknown CDCR peace officers are utilizing their electronic communications obstructing tactic to assure that this Plaintiff will always land in one of their contrived faux employment traps." (Id. at 7.) That plaintiff's coworkers subject plaintiff "to daily harassment using methods created by CDCR staff while Plaintiff was incarcerated." (Id. at 8.) That plaintiff is subjected to "fake coughing and concurrent behaviors," and "some type of popping agitation within Plaintiff's home." (Id. at 9-10.) Moreover, "unknown CDCR peace officers are using the power of the state to force Plaintiff to suffer the misery of celibacy with the deprivation of Plaintiff's human right of marriage," by "diverting plaintiff's actual messages to web scam artists." (Id. at 11.)

////

////

3

Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must give the defendant fair notice of the plaintiff's claims and must allege facts that state the elements of each claim plainly and succinctly. Fed. R. Civ. P. 8(a)(2); Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancements.'" Ashcroft v. Iqbal, 556 U.S.662, 678 (2009) (quoting Twombly, 550 U.S. at 555, 557). A plaintiff must allege with at least some degree of particularity overt acts which the defendants engaged in that support the plaintiff's claims. Jones, 733 F.2d at 649.

Accordingly, plaintiff's complaint will be dismissed.

III.    Leave to Amend

The undersigned has carefully considered whether plaintiff may amend the complaint to state a claim upon which relief can be granted. "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988); see also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments).

However, when evaluating the failure to state a claim, the complaint of a pro se plaintiff may be dismissed "only where 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984) (quoting Haines v. Kerner, 404 U.S. 519, 521 (1972)); see also Weilburg v. Shapiro, 488 F.3d 1202, 1205 (9th Cir. 2007) ("Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (quoting Schucker v. Rockwood, 846 F.2d 1202, 1203-04 (9th Cir. 1988)).

Here, given the vague and conclusory nature of the complaint's allegations, the undersigned cannot yet say that it appears beyond doubt that leave to amend would be futile. Plaintiff's complaint will therefore be dismissed, and plaintiff will be granted leave to file an

4

1   amended complaint.  Plaintiff is cautioned, however, that if plaintiff elects to file an amended

2   complaint "the tenet that a court must accept as true all of the allegations contained in a complaint

3   is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action,

4   supported by mere conclusory statements, do not suffice."  Ashcroft, 556 U.S. at 678.  "While

5   legal conclusions can provide the complaint's framework, they must be supported by factual

6   allegations."  Id. at 679.  Those facts must be sufficient to push the claims "across the line from

7   conceivable to plausible[.]"  Id. at 680 (quoting Twombly, 550 U.S. at 557).

8          Plaintiff is also reminded that the court cannot refer to a prior pleading in order to make an

9   amended complaint complete.  Local Rule 220 requires that any amended complaint be complete

10  in itself without reference to prior pleadings.  The amended complaint will supersede the original

11  complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Thus, in an amended complaint,

12  just as if it were the initial complaint filed in the case, each defendant must be listed in the caption

13  and identified in the body of the complaint, and each claim and the involvement of each

14  defendant must be sufficiently alleged.  Any amended complaint which plaintiff may elect to file

15  must also include concise but complete factual allegations describing the conduct and events

16  which underlie plaintiff's claims.

17                                         CONCLUSION

18         Accordingly, IT IS HEREBY ORDERED that:

19         1.  The complaint filed December 18, 2017 (ECF No. 1) is dismissed with leave to

20  amend.[1]

21         2.  Within twenty-eight days from the date of this order, an amended complaint shall be

22  filed that cures the defects noted in this order and complies with the Federal Rules of Civil

23  Procedure and the Local Rules of Practice.[2]  The amended complaint must bear the case number

24  assigned to this action and must be titled "Amended Complaint."

25  _____

26  [1]  Plaintiff need not file another application to proceed in forma pauperis at this time unless
    plaintiff's financial condition has improved since the last such application was submitted.

27
28  [2]  Alternatively, if plaintiff no longer wishes to pursue this action plaintiff may file a notice of
    voluntary dismissal of this action pursuant to Rule 41 of the Federal Rules of Civil Procedure.

1        3. Failure to comply with this order in a timely manner may result in a recommendation

2    that this action be dismissed.

3    DATED:  May 11, 2018                              /s/ DEBORAH BARNES
                                                        UNITED STATES MAGISTRATE JUDGE
4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28